PER CURIAM:
Claimant, St. Mary’s Hospital, brought this action to recover medical expenses for services rendered to a patient who was involuntarily admitted to the hospital pursuant to an Order of the Cabell County Circuit Court. Respondent, Department of Health & Human Resources, paid a portion of the medical expenses; however, St. Mary’s has an outstanding balance in the amount of $79,020.92 which has been denied by respondent based upon its interpretation of applicable Medicaid regulations.
The evidence adduced through a stipulation of facts and briefs filed by the parties establishes the following:
1. The patient was first admitted to St. Mary’s on September 13, 1989, with Medicaid coverage as the patient was unemployed with no other medical coverage.
2. On November 17, 1989, the patient “eloped” (left against medical advice) *53 from the hospital.
3. Respondent’s employees immediately sought and received an Emergency Order from the Cabell County Circuit Court to have the patient re-admitted to St. Mary’s for further medical treatment which it deemed in the best interest of the patient.
4. The Emergency Order was entered on November 17,1989, andthepatient was re-admitted to St. Mary’s hospital.
5. After a hearing on November 20, 1989, the Cabell County Circuit Court entered a second Order which provided that the patient remain at the hospital until further Order of the Court.
6. A third Order was entered by the Cabell County Circuit Court on March 7, 1990, to allow therapeutic passes for the patient.
7. the patient was medically discharged on May 1,1990.
8. Respondent reimbursed St. Mary’s the amount of $40,116.75 for twenty-five days hospitalization and thirty days counted as administrative days including allowances in accordance with Medicaid regulations.
St. Mary’s contends that the Emergency Order entered by the Cabell County Circuit Court constitutes a second admission of the patient and it should be permitted to receive further Medicaid reimbursement based upon that admission.
Respondent argues that it has paid St. Mary’s based upon applicable Medicaid regulations and it is unable to pay any additional dollars for the medical services rendered to patient. Respondent does not suggest another source for reimbursement for the cost of the hospitalization of this patient, but only states that it is not the State agency responsible.
The Court, on its own initiative, inquired of the Office of the Supreme Court Administrator as to the availability of funds to reimburse St. Mary’s, but was advised that the Supreme Court is not responsible for these hospital expenses even though the patient was readmitted pursuant to an Emergency Order of a circuit court.
Thus, this Court faces a unique issue to be resolved. St. Mary’s rendered medical services to a patient pursuant to an Emergency Order in good faith and anticipating reimbursement for its services. The Court recognizes that the monetary resources of the respondent are limited, but is it equitable for the State of West Virginia to expect that free medical services be rendered to a patient in a hospital when the patient is admitted pursuant to an Emergency Order sought by employees of one State agency and entered by one of its circuit courts? This Court cannot believe *54 that the State expects free medical services which would result in cost shifting of medical expenses to its other citizens and, further, this Court will not permit such a dilemma for a hospital providing patient care in good faith. Care should be taken by both the court system and the respondent State agency when patients are admitted to private pay hospitals by court order. There should be some responsibility for follow-up reports between the courts and the respondent for the medical progress of the patient and the expenses being incurred by the medial provided on behalf of the patient. A private pay hospital should not be placed in as tenuous a position as the claimant herein for receiving reimbursement for medical services it renders in good faith to a patient. In light of the Court’s decision, the position of St. Mary’s that there was a second admission of the patient need not be considered by the Court.
Therefore, the Court finds that respondent Department of Health and Human Resources is liable for the medical expenses incurred on behalf of the patient who was re-admitted to St. Mary’s pursuant to the Emergency Order sought by its employees and entered by the Cabell County Circuit Court. The Court has excluded from the amount claimed the actual medical expenses in the sum of $4,409.65 which were incurred during the period from the including November 7, 1989, through November 16,1989, as the Emergency Order was not entered by the Cabell County Circuit Court until November 17, 1989. For all practical purposes, this is the only equitable result which may be considered by this Court which has the statutory duty to determine moral obligations of the State of West Virginia.
In accordance with t he findings of fact as stated herein above, the Court is of the opinion to and does make an award to St. Mary’s Hospital in the amount of $74,611.27.
Award of $74,611.27.